UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JESTON SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.  25-cv-09362-RFL<br><br>**ORDER DENYING MOTION TO<br>REMAND AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 9, 10, 17, 18, 27 |

Plaintiff Jeston Sanders originally filed this action in state court, asserting both state and federal law claims.  (Dkt. No. 1-1.)  Defendant Citibank, N.A. removed the case to federal court on the sole basis that there was federal question jurisdiction over Sanders's claim under the Fair Credit Reporting Act ("FCRA").  (Dkt. No. 1 at 2–3.)[1]  Following removal of the case, Citibank filed its answer to Sanders's complaint.  (Dkt. No. 8.)  Sanders moves to remand the case back to state court and to strike portions of Citibank's answer.  (Dkt. Nos. 9, 10, 17, 18, 27.)[2]  For the reasons that follow, Sanders's motions are denied.  This order assumes the parties' familiarity with the facts of this case, the applicable legal standards, and both sides' arguments.

***Motion to Remand.***  Sanders's motion to remand is denied.  Sanders argues that Citibank's removal of this case "through diversity jurisdiction lacked any well pleaded arguments supporting the claim amount of $6,250,000 while [his] original claim was $6250." (Dkt. No. 18 at 2.)  But Citibank based its removal of the case on the existence of federal

---

[1] All references to page numbers in documents on the docket refer to ECF pagination.
[2] Dkt. No. 17 was filed as a motion to seal, but the document appears to be a refiled version of Sanders's motion to strike (Dkt. No. 10) with a proof of service.

question jurisdiction over Sanders's FCRA claim, and supplemental jurisdiction over the remaining claims, which arise from the same set of operative facts as the federal claim.  (Dkt. No. 1 at 2; *see also* Dkt. No. 21 at 3–4.)  Indeed, Sanders concedes that his complaint comprises both federal and state law claims.  (Dkt. No. 22 at 2.)  Accordingly, the Court declines to remand the entire action, and denies Sanders's request to sever the state law claims and remand only those claims (Dkt. No. 22 at 3–4).  *See Block v. 7-Eleven, Inc.*, No. 21-cv-00048-BLF, 2021 WL 2651359, at *5 (N.D. Cal. June 28, 2021).

Sanders also moves for leave to file an amended motion to remand, which is granted. (Dkt. No. 27.)  The amended remand motion is too denied.  First, as noted above, the claim amount does not alter the propriety of the removal, because the court has federal question jurisdiction.  (Dkt. No. 27 at 2–3.)  Second, for the reasons discussed above, the pending state law claims do not preclude federal question jurisdiction over Sanders's FCRA claim or the exercise of supplemental jurisdiction over the state law claims.  (Dkt. No. 27 at 4.)  Sanders references a provision in the credit agreement between him and Citibank stating that individual claims remaining in small claims court are not subject to arbitration.  That provision describes the effect of remaining in small claims court and does not address Citibank's ability to remove cases to federal court or federal court jurisdiction, generally.  (Dkt. No. 27 at 3–4.)  The Court therefore denies Sanders's amended motion to remand.

***Motion to Strike.***  Sanders's motion to strike is denied.  Sanders reiterates his argument that Citibank misrepresented the amount in controversy and offers a line-by-line response to Citibank's answer, in which he attacks Citibank's denials and affirmative defenses on the merits. (Dkt. No. 10.)  The amount in controversy is irrelevant because, as noted above, the court has federal question jurisdiction.  Nothing about the error in the amount in controversy, which has now been corrected on the docket, provides a valid basis for striking Citibank's answer or affirmative defenses, challenging Citibank's removal, or imposing sanctions under Rule 11.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010) (under Rule 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter" (quoting Fed. R. Civ. P. 12(f))).  Furthermore, Citibank's answer and affirmative defenses comply with the requirements of Federal Rule of Civil Procedure 8 and are sufficient as a matter of law.  *See Poursohi v. Blinken*, No. 21-cv-01960-TSH, 2021 WL 3209728, at *1–2 (N.D. Cal. July 29, 2021); *Kanaan v. Yaqub*, 709 F. Supp. 3d 864, 867–68 (N.D. Cal. 2023) (requiring only that affirmative defenses be pleaded to give fair notice); *L.F. by & through Brown v. City of Stockton*, No. 17-cv-01648-KJM, 2018 WL 3817558, at *4 (E.D. Cal. Aug. 10, 2018) (fair notice does not require proving the merits of an affirmative defense). Sanders understandably contests Citibank's representations and affirmative defenses, but that is an issue for a later stage of these proceedings.  Sanders's disagreement is not a basis to strike the answer or affirmative defenses.

*Conclusion*.  For the foregoing reasons, Sanders's motion for leave to file an amended remand motion is granted.  Sanders's original remand motion, amended remand motion, and motion to strike are denied.

**IT IS SO ORDERED.**

Dated: February 18, 2026

RITA F. LIN
United States District Judge