UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESTON SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No.  25-cv-09362-RFL<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Re: Dkt. Nos. 25, 26, 31 |

Jeston Sanders filed this credit-related lawsuit in small claims court.  Citibank, N.A. removed the case to this Court.  Sanders' subsequent motion to remand was denied.  (Dkt. No. 30.)  Citibank now moves to compel arbitration and stay this case pending arbitration.  For the reasons set forth below, Citibank's motion is **GRANTED**.

When considering arbitration agreements subject to the Federal Arbitration Act, a court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  Citibank provides evidence that Sanders entered into a Card Agreement containing an arbitration provision. (Dkt. No. 25-1 ¶¶ 4–9; Dkt. No. 25-1 Ex. 1–2.)  Sanders does not dispute entering into the Card Agreement or its arbitration provision. (*See* Dkt. No. 26-1 at 1–2.)[1]  However, Sanders contends that a limiting clause of the arbitration provision excludes this case from arbitration.  In relevant part, the arbitration provision provides:

Except as stated below, all Claims are subject to arbitration . . . .

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

1

**Arbitration limits**

- Individual Claims filed in a small claims court are not subject to arbitration, as long as the matter stays in small claims court.

(Dkt. No. 25-1 at 13–14, 26–27.)

This case is not excluded from arbitration because of that limiting clause. While it provides that claims "filed in a small claims court" are not subject to arbitration, that limitation is subject to a qualification: "as long as the matter stays in small claims court." (*Id.*) Since this case has been removed to federal court, it did not "stay[] in small claims court." (*See id.*) That qualification allows arbitration regardless of whether Citibank or some other person caused the matter to be moved from small claims court. As a result, the arbitration provision encompasses these claims.

Nor did Citibank waive its right to arbitration. Waiver is presumptively an issue for a court to decide. *Martin v. Yasuda*, 829 F.3d 1118, 1123–24 (9th Cir. 2016). It requires both: "(1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). Removing a case to federal court does not demonstrate waiver. *Armstrong v. Michaels Stores, Inc.*, No. 17-CV-06540-LHK, 2018 WL 6505997, at *10 (N.D. Cal. Dec. 11, 2018) (collecting cases), *aff'd*, 59 F.4th 1011 (9th Cir. 2023). The same is true for filing an answer asserting arbitration as an affirmative defense, and opposing motions to strike that answer and remand. (*See* Dkt. No. 8 at 4; *Armstrong*, 59 F.4th at 1015.) The arbitration provision's limiting clause does not alter this analysis. Indeed, under that clause, Citibank was barred from seeking arbitration of Sanders' small claims case until the case had been removed to this Court, so Citibank can hardly be said to have sat on its rights by failing to seek arbitration earlier.

For the foregoing reasons, Citibank's motion to compel arbitration is **GRANTED**, and the case is stayed pending arbitration. The parties shall file a joint status report every 120 days to update the Court on the arbitration proceedings, starting from the date of this Order, and within 14 days of the proceedings' completion. In light of this Order, Sanders' motion for leave

to file an amended complaint is **DENIED** as moot.  His claims would be subject to arbitration whether considered under the operative complaint or his proposed First Amended Complaint.

      **IT IS SO ORDERED.**

Dated: March 12, 2026

RITA F. LIN
United States District Judge